1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

KELLY A. CARPENTER,                )
                                   )
     Plaintiff,              )                    Case No. 2:14-cv-00990-LDG-CWH
                                   )
v.                                 )                    **Report & Recommendation**
                                   )
CAROLYN W. COLVIN, Acting          )
Commissioner of Social Security    )
Administration,                    )
                                   )
     Defendant.              )
_____)

     This matter was referred to the undersigned Magistrate Judge for a report of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B)-(C)) and Local Rule IB 1-4. The case involves review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Kelly A. Carpenter's application for a period of disability and disability insurance benefits pursuant to Title II and Title XVI of the Social Security Act.  42 U.S.C. Ch. 7. The Court has reviewed Plaintiff's Motion for Reversal/Remand (#14), filed September 26, 2014, and the Commissioner's Opposition and Cross-Motion to Affirm the Commissioner's Decision (#18), filed December 2, 2014.

## BACKGROUND

### I.    Procedural History

     On March 22, 2011, Plaintiff filed an application for a period of disability and disability insurance benefits alleging she became disabled on November 30, 2007.  (AR 187-202).[1]  Her claims were denied initially on September 27, 2011, and upon reconsideration on March 29, 2012. (AR 135-39, 142-147). On November 2, 2012, Plaintiff appeared for a hearing before Administrative Law Judge ("ALJ") Norman L. Bennett. (AR 68-101). On November 30, 2012, the ALJ issued an unfavorable decision finding Plaintiff had not been under a disability, as defined in the Social Security Act, from November 7, 2007 through the date of the decision. (AR 42-52).  The ALJ's decision became the final

---

[1] AR refers to the Administrative Record in this matter.  (Notice of Manual Filing #11.)

decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on March 20, 2014. (AR 5-8).  On June 19, 2014, Plaintiff timely commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). (#1.)

## II. The ALJ Decision

The ALJ followed the five-step sequential evaluation process set forth at 20 C.F.R. § 404.1520 and issued an unfavorable decision. At step one, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through June 30, 2010, and had not engaged in substantial gainful activity ("SGA") from November 30, 2007, the alleged onset date. (AR 44, Findings 1-2).  At step two, the ALJ found that Plaintiff had the following severe impairments: obesity, bilateral shoulder tendinitis, bilateral knee arthritis and depressive disorder. (AR 44, Finding 3). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 45, Finding 4).  The ALJ found Plaintiff had a residual functional capacity ("RFC") to perform sedentary work as defined in 20 CFR §§ 404.1567(a), 416.967(a), and SSR 83-10 specifically as follows:  the claimant cannot perform overhead reaching with the bilateral upper extremities; the claimant is limited to only occasional contact with supervisors, coworkers and the general public and the claimant is limited to simple tasks with simple instructions.  (AR 46, Finding 5).

At step four, the ALJ found Plaintiff unable to perform her past relevant work ("PRW") as a customer service representative. (AR 50, Finding 6). The claimant was 26 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date. (AR 50, Finding 7). The ALJ found that claimant has at least a high school education and is able to communicate in English. (AR 50, Finding 8). The ALJ found that transferability of job skills is not material to the determination of disability because applying the Medical -Vocational Rules supports a finding that the claimant is "not disabled," whether or not the claimant has transferrable job skills. (AR 50, Finding 9). Considering the claimant's age, education, work experience, and residual functional capacity, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform. (AR 51, Finding 10). Based on all of these findings, the ALJ found Plaintiff was not under a disability from November 30, 2007 through the date of the ALJ's decision. (AR 52, Finding 11).

1

## DISCUSSION

2

### I.    Judicial Standard of Review

3    Administrative decisions in social security disability benefits cases are reviewed under 42

4    U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states:

5    "Any individual, after any final decision of the Commissioner of Social Security made after a hearing

6    to which he was a party, irrespective of the amount in controversy, may obtain a review of such

7    decision by a civil action . . . brought in the district court of the United States for the judicial district in

8    which the plaintiff resides." The court may enter "upon the pleadings and transcripts of the record, a

9    judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with

10    or without remanding the cause for a rehearing." *Id.* The Ninth Circuit reviews a decision affirming,

11    modifying or reversing a decision of the Commissioner *de novo*. *See Batson v. Commissioner*, 359 F.3d

12    1190, 1193 (9th Cir. 2003).

13    The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42

14    U.S.C. § 405(g); *see also Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the

15    Commissioner's findings may be set aside if they are based on legal error or not supported by

16    substantial evidence. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *see also*

17    *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence

18    as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a

19    reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035,

20    1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n. 1 (9th Cir. 2005). In

21    determining whether the Commissioner's findings are supported by substantial evidence, the court

22    "must review the administrative record as a whole, weighing both the evidence that supports and the

23    evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720

24    (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

25    Under the substantial evidence test, findings must be upheld if supported by inferences

26    reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more

27    than one rational interpretation, the court must defer to the Commissioner's interpretation. *Burch v.*

28    *Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see also Flaten v. Sec'y of Health and Human Serv.*, 44

F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the

1   Commissioner could reasonably have reached a different conclusion, but whether the final decision is

2   supported by substantial evidence. It is incumbent on the ALJ to make specific findings so that the

3   court does not speculate as to the basis of the findings when determining if the Commissioner's

4   decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements

5   as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*,

6   654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as

7   feasible, and where appropriate, should include a statement of subordinate factual foundations on

8   which the ultimate factual conclusions are based." *Id.*

9          **II.    Disability Evaluation Process**

10          The individual seeking disability benefits has the initial burden of proving disability. *Roberts v.*

11   *Shalala*, 66 F.3d 179, 182 (9th Cir 1995), *cert. denied*, 517 U.S. 1122 (1996). To meet this burden, the

12   individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any

13   medically determinable physical or mental impairment which can be expected . . . to last for a

14   continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the

15   individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. §

16   404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to

17   the Commissioner to show that the individual can perform other substantial gainful work that exists in

18   the national economy. *Batson*, 157 F.3d at 721.

19          The ALJ follows a five-step sequential evaluation process in determining whether an individual

20   is disabled. *See* 20 C.F.R. § 404.1520; *see also Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any

21   step the ALJ determines that he can make a finding of disability or nondisability, a determination will

22   be made and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *see also Barnhart v.*

23   *Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to determine whether the individual is

24   engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work

25   activity that is both substantial and gainful; it involves doing significant physical or mental activities

26   usually for pay or profit. 20 C.F.R. § 404.1572(a)-(b). If the individual is engaged in SGA, then a

27   finding of not disabled is made.  If the individual is not engaged in SGA, then the analysis proceeds to

28   the step two.

          Step two addresses whether the individual has a medically determinable impairment that is

severe or a combination of impairments that significantly limits her from performing basic work activities. 20 C.F.R. § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[2] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.  If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1520(e); *see also* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSRs 96-4p and 96-7p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.  The ALJ must also consider opinion

---

[2] SSRs constitute SSA's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1).  They are entitled to some deference as long as they are consistent with the Social Security Act and regulations.  *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b) and 404.1565. If the individual has the RFC to perform her past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to Step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If she is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42.

### III.    Analysis and Findings

Plaintiff seeks reversal of the ALJ's decision for one reason. Plaintiff claims that the ALJ deviated from the Dictionary of Occupational Titles without explanation.

#### A. Whether the ALJ Deviated from the Dictionary of Occupational Titles ("DOT")

The ALJ found that Plaintiff retained the residual functional capacity to perform sedentary work, and specifically, among other things, that she cannot perform overhead reaching with the bilateral upper extremities.  Plaintiff argues that the ALJ precluded her from all bilateral reaching, and that "reaching" is described in the Revised Handbook for Analyzing Jobs as "extending hands and arms in any direction."  She therefore concludes that the ALJ found that Plantiff is unable to reach bilaterally.  The job descriptions of the jobs identified by the vocational experts suggest that Plaintiff would be required to frequently-constantly reach, but because the RFC precludes Plaintiff from those jobs, the ALJ erred when he accepted the vocational expert's testimony without an explanation of the

1    deviation.  Plaintiff also argues that the vocational expert listed an incorrect Dictionary of Occupational

2    Titles (DOT) number, DOT code 290.587-018, which corresponds to a hand packager position, but that

3    the DOT contains no such sedentary position.  Rather, she argues, the DOT contains a hand packager

4    position (DOT 920.587-018) at the medium exertional level, which is precluded by her sedentary RFC.

5         The Commissioner responds that Plaintiff mischaracterizes the ALJ's decision because he

6    found that Plaintiff was only restricted from *overhead* reaching (AR 46), that the ALJ needed only to

7    resolve "apparent" conflicts between the vocational expert's testimony and the DOT, and there was no

8    apparent conflict.  Additionally, the Commissioner responds that the DOT does contain a "hand

9    packager" position at DOT 920.587-018, which includes a variety of jobs, and that the DOT lists the

10   maximum requirements for the position, not the possible range of requirements.  Therefore although

11   the DOT lists the maximum exertional requirement of a hand packager as "medium," it is not

12   necessarily a requirement that all jobs under this position require medium exertional levels.  In any

13   case, the Commissioner argues that the error was harmless because two other representative jobs were

14   identified.

15        The ALJ found that Plaintiff's RFC restricted her from reaching overhead, and did not preclude

16   all reaching, as argued by Plaintiff.  Plaintiff did not challenge the RFC finding in this case.

17        The ALJ must resolve "apparent" conflicts between a vocational expert's testimony and the

18   DOT. SSR 00-4p.  SSR 00–4p states in pertinent part:

19        Occupational evidence provided by a VE [vocational expert] or VS [vocational specialist]
         generally should be consistent with the occupational information supplied by the DOT. When
20       there is an apparent unresolved conflict between VE or VS evidence and the DOT, the
         adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS
21       evidence to support a determination or decision about whether the claimant is disabled. At the
         hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will
22       inquire, on the record, as to whether or not there is such consistency.

23   SSR 00–4p, 2000 WL 1898704, at *2 (Dec. 4, 2000).  Here, there was no apparent conflict between the

24   DOT and the vocational expert's testimony.  None of the positions listed in the DOT identified by the

25   vocational expert address an overhead reaching limitation, so there is neither a conflict nor an apparent

26   conflict.  *Cortez v. Colvin*, 2014 WL 3734308 *2-3 (D. Nev., July 28, 2014).  This conclusion is

27   consistent with the underlying purpose of the DOT.  As stated in SSR 00–4p, the Dictionary "lists

28   maximum requirements of occupations as generally performed, not the range of requirements of a

     particular job as it is performed in specific settings."  The Dictionary is not exhaustive and a vocational

1   expert may provide more specific information than is contained in the DOT.  The vocational expert

2   was asked by the ALJ whether any of the positions which he had identified would be eliminated by a

3   claimant who had difficulty using her hands in the work place due to arthritis and pain, and the

4   vocational expert clarified that she would have to be able to use her hands bilaterally unrestricted at the

5   bench level or desk level frequently. (AR 96).

6        Moreover, Plaintiff's counsel did not raise any conflicts between the vocational expert's

7   testimony and the DOT at the hearing, despite questioning other aspects of the vocational expert's

8   testimony (AR 96-98).  The ALJ's reliance on the VE's testimony was proper because his testimony

9   was uncontradicted.  *See Solorzano v. Astrue*, 2012 U.S. Dist. LEXIS 4059 (C.D. Cal. Jan. 10, 2012)

10  (rejecting plaintiff's argument that "apparent conflicts" existed between VE's testimony and DOT in

11  part because plaintiff's counsel failed to question VE about any such conflicts).  Accordingly, the ALJ

12  met his obligations under *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) and SSR 00-4p to

13  investigate potential conflicts with the DOT, and the ALJ's reliance on the VE's testimony was proper.

14  *See Mickelson-Wurm v. Comm'r, Soc. Sec. Admin.*, 285 F. App'x 482, 486 (9th Cir. 2008) ("The ALJ

15  must clarify the discrepancy in the opinion only where there is an apparent unresolved conflict that

16  arises between the vocational expert's testimony and the DOT.") (emphasis in original)).

17       Finally, Plaintiff argues that the vocational expert's misidentification of a DOT number for

18  "hand packager" negates his testimony.  The DOT does contain a "hand packager" position at DOT

19  920.587-018.  The DOT lists the maximum requirements of the position, not the possible range of

20  requirements. SSR 00-4p. Therefore, although the DOT lists the maximum exertional requirement of a

21  hand packager as "medium," it is not necessarily a requirement that all jobs under this position require

22  a medium exertional level.  Accepting, *arguendo*, Plaintiff's argument that the vocational expert

23  misidentified the DOT number for a hand packager position, the error was harmless because the

24  vocational expert identified two other representative positions that Plaintiff could perform.

### IV.  Conclusion and Recommendation

26       Accordingly, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Reversal or

27  Remand (#14) be **denied**.

28       **IT IS FURTHER RECOMMENDED** that Defendant's Cross-Motion to Affirm (#18) be

     **granted.**

**V.  Notice**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The U.S. Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  Thomas v. Arn, 474 U.S. 140, 142 (1985).  This circuit has also held that failure to file objections within the specified time, and failure to properly address and brief the objectionable issues, waives the right to appeal the district court's order and/or appeal factual issues from the order.  Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991); Britt v. Simi Valley United Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983).

DATED: June 5, 2015.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**